IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MAPLEBEAR INC. *d/b/a* INSTACART, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:21-cv-00474 (AJT/IDD) ) |
| JOHN DOES 1-2, | ) ) |
| Defendants. | ) ) ) |

**<u>ORDER</u>**

This matter is before the Court on the Report and Recommendation, [Doc. No. 41] ("Report"), of Magistrate Judge Davis (the "Magistrate Judge"). In the Report, the Magistrate Judge recommends that Plaintiff's Motion for Default Judgment (the "Motion"), [Doc. No. 37], be granted as to Count I and the remaining counts be dismissed without prejudice. The Magistrate Judge further advised the parties that objections to the Report must be filed within fourteen (14) days of service and that failure to object waives appellate review. [Doc. No. 41] at 10-11. Plaintiff filed an objection within the 14 day period requesting a ruling of default judgment on Plaintiff's Lanham Act claim, as well, set forth in Count II. *See* [Doc. Nos. 44-45]. Having conducted a *de novo* review of the record, the Court adopts and incorporates the findings and recommendations of the Magistrate Judge in full, and also finds and concludes that a default judgment should be entered as to Count II; and supplements the Magistrate Judgment's Report and Recommendation as follows:

In Count 2, Plaintiff alleges that Defendants have engaged in copyright infringement in violation of the Lanham Act – 15 U.S.C. §§ 1114 et seq.; 15 U.S.C. § 1125(a). A party is liable

for trademark counterfeiting where: (1) the defendant intentionally used a counterfeit mark in commerce; (2) the defendant knew that the mark was counterfeit; (3) the use occurred in connection with the sale, offer for sale, or distribution of goods; and (4) the use of the counterfeit mark was likely to confuse consumers. 15 U.S.C. § 1114(1). "The Lanham Act defines a 'counterfeit' mark as 'a spurious mark which is identical with, or substantially indistinguishable from" the plaintiff's mark.'" *Match.Com, L.L.C. v. Fiesta Catering Int'l, Inc.*, No. 1:12-CV-363 AJT IDD, 2013 WL 428056, at *6 (E.D. Va. Jan. 31, 2013) (quoting 15 U.S.C. § 1127); *see also Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC*, 507 F.3d 252, 269 (4th Cir. 2007); *United States v. Chong Lam*, 677 F.3d 190, 199 (4th Cir. 2012) (A counterfeit mark does not have to be an exact replica because to do otherwise "would allow counterfeiters to escape liability by modifying trademarks in trivial ways.") (internal quotations and citation omitted).

Plaintiff has established that Defendants "intentionally used a counterfeit mark in commerce connected to the sale or distribution of goods without authorization or license." In that regard, Defendants created a mobile application that once installed on a mobile device compromises the underlying code of Plaintiff's Shopper App through the creation and operation of a counterfeit, adulterated version of the Shopper App. In that regard, the corrupted Shopper App, with its Instacart's trademarks and a user interface that reproduces the Instacart trademark in a way nearly identical to the legitimate application, is nearly indistinguishable from Plaintiff's legitimate app to someone viewing that app on a mobile device. *See* [Doc. No. 45-1] at 10-11. Accordingly, there is a likelihood that anyone viewing Defendants' adulterated Shopper Helper app would be confused into thinking that the adulterated Shopper Helper app is developed, distributed, affiliated and/or endorsed by Plaintiff. *See Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 148 (4th Cir. 1987). Likewise, Plaintiff has established false designation of origin

under § 1125(a), which prohibits use of a registered mark that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person. 15 U.S.C. § 1125(a)(1)(A); *see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 930 (4th Cir. 1995).

Overall, Shopper Helper's use of Plaintiff's trademarks and its symbols and brand identity causes and is likely to cause confusion and mistakes as to Plaintiff's affiliation with Shopper Helper in violation of Section 1125(a); and Defendants' conduct constitutes trademark infringement and false designation of origin under Sections 1114 and 1125(a) of the Lanham Act.

Accordingly, it is hereby

**ORDERED** that the Report and Recommendation, [Doc. No. 41], be, and the same hereby is, **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Motion for Default Judgment, [Doc. No. 37], be, and the same hereby is, **GRANTED** as to Count 1; and it is further

**ORDERED** that Plaintiff's Motion for Default Judgment, [Doc. No. 37], be, and the same hereby is, **GRANTED** as to Count 2; and it is further

**ORDERED** that Plaintiff's request for a permanent injunction, [Doc. No. 37], be and the same hereby is, **GRANTED** and Defendants John Doe 1 and 2 are **ENJOINED** and **RESTRAINED** from continuing to operate the Shopper Helper application or any other trademark of Plaintiff or acting in any manner that suggests in any way that Defendants' activities, products, or services are conducted by or are affiliated with Plaintiff.

The Clerk is directed to enter judgment in accordance with this Order pursuant to Federal Rule of Civil Procedure 58 and to forward a copy of this Order to all counsel of record and John Doe Defendants.

.

Alexandria, Virginia
May 26, 2022

/s/
Anthony J. Trenga
United States District Judge